IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JASON SANCHEZ**

    **Plaintiff,**

**vs.**

Case No: _____

**COREY HELTON, AILEEN VIZCARRA, CONNIE BALDERAZ, and LEA COUNTY BOARD OF COMMISSIONERS,**

    **Defendants.**

## COMPLAINT

Plaintiff Jason Sanchez ("Sanchez" or "Plaintiff"), by and through undersigned counsel, brings this Complaint for damages and injunctive relief and in support states the following:

## PRELMINARY STATEMENT

1. This case concerns the Lea County Sheriff's Office ("LCSO")'s illegal censoring of its official Facebook page to silence a critic who raised concerns about the integrity of the LCSO and its leadership. While squabbling teenagers are free to block their enemies on social media, the LCSO is not a private citizen. The LCSO is a state actor and must respect the guarantees of free speech in the New Mexico and United States Constitutions. *See generally Lindke v. Freed*, 601 U.S. 187 (2024) (government social media page is public forum and hence subject to limitations of First Amendment where official had actual authority to speak on behalf of state via social media site, and where official purported to exercise that authority in censoring relevant comment(s)/poster).

2. Plaintiff brings this action to enjoin the LCSO from infringement of his free speech

1

rights and for all other relief to which he may be entitled at law or in equity.

## PARTIES, JURISDICTION AND VENUE

3.  Plaintiff Jason Sanchez is a resident of Texas. Sanchez formerly lived in Eddy County, New Mexico.

4.  Defendant Corey Helton ("Helton") is the sheriff of Lea County, an elected position. On information and belief, under LCSO policies, Helton has the authority to decide what is and is not posted on LCSO social media pages. This includes the authority to ban users or delete comments. Helton may also delegate this authority to others within the LCSO. On information and belief, Helton is a resident of Lea County, New Mexico.

5.  Defendant Aileen Vizcarra ("Vizcarra") is an LCSO deputy and is Public Information Officer ("PIO") for LCSO. On information and belief, under LCSO policies, as PIO, Vizcarra is in charge of administering the LCSO Facebook page. On information and belief, Vizcarra is a resident of Lea County, New Mexico.

6.  Defendant Connie Balderaz ("Balderaz") is an Executive Secretary for the LCSO. The LCSO Facebook page lists Balderaz as the LCSO contact person for the page. On information and belief, Balderaz is a resident of Lea County, New Mexico.

7.  With respect to the LCSO Facebook page, both Vizcarra and Balderaz act under the authority of Helton.

8.  Defendant Lea County Board of County Commissioners (the "Board") is the executive body responsible for administering governmental authority in Lea County, New Mexico. LCSO is one of the Board's subsidiaries. The Board has its headquarters in Lea County, New Mexico.

9.  This Court has subject matter jurisdiction because suit is brought against Defendants under the New Mexico Civil Rights Act, and for violations of Plaintiff's civil rights

under 42 USC § 1983.

10. This Court has personal jurisdiction over Defendants because Defendants are residents of New Mexico and the conduct complained of occurred in New Mexico.

11. Venue is proper in this court as one or more Defendants is a resident of Lea County, New Mexico.

12. A notice of claim under the New Mexico Civil Rights Act has been timely provided via mail.

## STATEMENT OF FACTS

### A. The LCSO maintains an active official government Facebook page.

13. The LCSO has maintained a Facebook page since at least 2015: https://www.facebook.com/Lea.County.Sheriff.Office (last visited January 16, 2025) (the "LCSO Facebook Page").

14. The LCSO Facebook Page is a government page that speaks on behalf of the LCSO.

15. For example, the LCSO Facebook Page classifies itself as a "government organization" page.

16. The thumb and banner photos of the LCSO Facebook Page are close-up pictures of the LCSO badge.

17. The LCSO Facebook Page states under "Intro" that the purpose of the page is "To serve and protect the citizens of Lea County."

18. For these reasons, speech emanating from the LCSO Facebook Page constitutes government speech for purposes of the First Amendment to the United States Constitution and Article II, Section 17 of the New Mexico Constitution. Decisions about whom to block on the page by the LCSO Facebook Page, its administrators, and the LCSO constitute state action.

19. The LCSO Facebook Page contains phone numbers one can call to contact the

LCSO, and it contains a link to the LCSO website. It also contains the physical address of the LCSO.

20. Defendant Balderaz is listed as a contact person on the LCSO Facebook Page. According to the LCSO website, Balderaz is an Executive Secretary with the LCSO. On information and belief, Balderaz is authorized to be an administrator of the LCSO Facebook Page, which includes the ability to block followers or delete comments.

21. Defendant Vizcarra is PIO of LCSO. On information and belief, PIO is a position that empowers her to administrate the LCSO Facebook Page.

22. Defendant Helton is the elected sheriff of Lea County, who has authority over the LCSO Facebook Page.

23. Both Vizcarra and Balderaz work under the authority and/or direction of Helton. To the extent Vizcarra and Balderaz make posts on the LCSO Facebook Page or block users, they are doing so under the authority and/or direction of Helton and the LCSO.

24. The LCSO uses its Facebook page to share updates about traffic, crime, weather, and other area events. For instance, on January 7, 2025, it shared a "Wanted" poster regarding an alleged sex offender.

25. The LCSO Facebook Page is not an election page, though it does contain photos and posts about supposedly positive things the LCSO does in the community. For instance, the LCSO Facebook Page will advertise "Donuts with the Deputies" where citizens can interact informally with LCSO deputies, and the page contains pictures of deputies doing charity work. On information and belief, the purpose of these posts is to project a positive image of the LCSO.

26. The LCSO Facebook Page is very active, containing several posts per week, some of which garner many comments, shares, and likes.

27. The LCSO Facebook Page is public, so its content can be seen by anyone (who is

not blocked).

28. The LCSO Facebook Page has more than 20,000 followers. The identities of these followers are concealed to the public. On information and belief, and based on the Page's comments, most of the followers are concerned citizens and voters in the Lea County area who follow the Page to be more knowledgeable about their community and Lea County's law enforcement/leadership.

**B. Sanchez runs his own Facebook page that covers local news in New Mexico.**

29. Plaintiff Jason Sanchez is an individual who currently lives in Texas. Sanchez formerly lived in Eddy County, adjacent to Lea County, and he still has friends and family in the area.

30. Because of his past connections with Eddy and Lea Counties, Sanchez maintains an interest in the government happenings of this area of New Mexico.

31. To this end, Sanchez maintains and has maintained a Facebook page called New Mexico Exposed, which has also been called Eddy County Exposed. The purpose of the New Mexico Exposed page is to monitor corruption and encourage good government in New Mexico.

32. The New Mexico Exposed page will often share or comment on lawsuits or local stories about New Mexico government, particularly government misconduct. Sanchez is responsible for most of these posts, though others will sometimes comment on the posts.

33. Sanchez, via the New Mexico Exposed page, will also comment on other pages including government pages. For example, the New Mexico Exposed page has commented on posts on the Eddy County Sheriff's Office Facebook page.

**C. LCSO blocks Sanchez's anti-corruption page for criticizing it.**

34. In early September 2024, the LCSO Facebook Page made a series of posts about how drivers in Lea County should not drive while intoxicated.

35. Sanchez found this hypocritical as Lea County Undersheriff Michael Walker—the right hand man to Helton—was a known heavy drinker who had driven while intoxicated on at least one occasion as described in a public lawsuit, *Brown v. Helton, Walker, and Lea County Board of Commissioners*, Case No. 2:23-cv-00355-DHU-GJF (D.N.M.). Yet, to Sanchez's knowledge, Walker had never been disciplined let alone arrested or convicted for any drunk driving infraction, at least not in Lea County.

36. To Sanchez, this showed the two-tiered system of justice in Lea County. Regular citizens are disciplined for drunk driving while the misdeeds and vices of leaders like Walker are overlooked and swept under the rug.

37. Sanchez thought it was important to highlight this hypocrisy and inform voters of the double standard. Hence, using the New Mexico Exposed page, Sanchez made a series of comments on the LCSO Facebook Page anti-drunk driving posts. Sanchez's comments criticized Walker and highlighted the hypocrisy of LCSO leadership.

38. Sanchez's comments related to a matter directly of public concern—the integrity of LCSO leadership—and which is the subject of a (public) lawsuit.

39. Sanchez knew that the LCSO Facebook Page was viewed by numerous Lea County voters, and he wanted to provide those voters with information about who their leaders were.

40. Sanchez's comments did not contain profanity, obscenities, or threats. His comments did not reveal the personal addresses or phone numbers of LCSO leadership. His comments did not contain information about LCSO family members.

41. Shortly after Sanchez made these comments, Sanchez learned that the LCSO had blocked the New Mexico Exposed page from viewing or commenting on LCSO posts. This blocking means that his comments criticizing Walker were deleted, as well.

42. The decision to block New Mexico Exposed and delete the comments was made by

Balderaz and/or Vizcarra, under the authority of Helton.

43. Alternatively, Helton ordered Balderaz and Vizcarra to block New Mexico Exposed and delete the comments.

44. On information and belief, in so doing, Helton, Balderaz, and/or Vizcarra were motivated by a desire to protect Walker and by extension LCSO and Helton himself from criticism.

45. On information and belief, in so doing, Helton, Balderaz, and/or Vizcarra were motivated by a desire to help Helton's reelection, which would help them maintain their grip on power.

46. To date, the New Mexico Exposed page (now called Eddy County Exposed) remains blocked by the LCSO Facebook Page. Its past comments are not visible, and it is not able to make new comments. The New Mexico Exposed/Eddy County Exposed page cannot view the LCSO Facebook Page, and it cannot tag the LCSO Facebook Page.

## COUNT I

### VIOLATIONS OF ARTICLE 2, § 17 OF THE NEW MEXICAN CONSTITUTION

**Brought by Sanchez against the Lea County Board of Commissioners**

47. Plaintiff incorporates all foregoing paragraphs as if fully stated here.

48. The New Mexico Civil Rights Act creates a private cause of action against public bodies to redress the violation of a person's civil rights by government actors employed by a public body or a person acting on behalf of a public body under color of law.

49. At the time of the above events, Helton, Balderaz, and Vizcarra were acting on behalf of the LCSO.

50. Posts on the LCSO Facebook Page, as well as decisions about whom to block or whose comments to delete, constitute state action, as the LCSO Facebook Page is an official government page, making it a public forum under the laws of New Mexico and the United States.

51. Helton, Balderaz, and Vizcarra were acting in furtherance of their official duties by

7

operating and administering the LCSO Facebook Page.

52. Helton, Balderaz, and Vizcarra were acting under color of law at all relevant times.

53. Article 2, § 17 of the New Mexican Constitution states, "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press."

54. Helton, Balderaz, and Vizcarra violated Plaintiff's free speech rights when they wrongfully blocked Plaintiff's Facebook page from viewing the LCSO Facebook Page, and when they caused Plaintiff's comments on the LCSO Facebook Page to be deleted.

55. Helton, Balderaz, and Vizcarra had no legal basis to block Plaintiff's Facebook page or delete his comments.

56. Helton, Balderaz, and Vizcarra acted with malice in blocking Plaintiff's Facebook page and deleting his comments. Specifically, Helton, Balderaz, and Vizcarra acted with the intent to censor Plaintiff, chill his speech, and prevent voters from learning the truth about LCSO's leaders.

57. Helton, Balderaz, and Vizcarra caused Plaintiff harm by preventing him from exercising his free speech rights.

58. Defendant Lea County Board of Commissioners is liable for these harms pursuant to the New Mexico Civil Rights Act, NMSA § 41-4A-3.

## COUNT II

### 42 U.S.C. § 1983 - VIOLATION OF FIRST AMENDMENT OF UNITED STATES CONSTITUTION

**Brought by Plaintiff against Helton, Balderaz, and Vizcarra (in their individual and official capacities) and the Lea County Board of Commissioners**

59. Plaintiff incorporates all foregoing paragraphs as if fully stated here.

60. Helton, Balderaz, and Vizcarra censored Plaintiff as described above in violation of Plaintiff's constitutional rights, including the First Amendment to the U.S. Constitution.

61. Due to these wrongful acts, Plaintiff has suffered injuries including but not limited

to the inability to express himself as that right is guaranteed by the U.S. Constitution.

62. On information and belief, the Board and the LCSO have inadequately trained its personnel on how to operate a government social media page, and this failure was a moving force behind the violations of Plaintiff's First Amendment rights.

63. Alternatively, on information and belief, the Board and LCSO have a formal or informal custom, policy, and practice of blocking social media pages that are critical of LCSO and its leadership.

64. Helton, Balderaz, and Vizcarra acted with malice in denying Plaintiff his First Amendment rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter an order granting Plaintiff the following relief.

a. Enter a Judgment against Defendants finding that they are liable to Plaintiff;

b. Award injunctive relief to Plaintiff;

c. Award compensatory damages for all of Plaintiff's claims;

d. Award punitive damages for Plaintiff's § 1983 claims;

e. Award the costs and expenses of this case, including attorneys' fees for Plaintiff's § 1983 claims and New Mexico Civil Rights Act claims;

f. Award pre-judgment and post-judgment interest;

g. Award all other further and general relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Date:  January 22, 2025

        Respectfully submitted,

        WGLA, LLP

        */s/ Benjamin Gubernick*
        Benjamin Gubernick
        New Mexico Bar No. 145006
        Ben@wglawllp.com
        Curtis Waldo
        curtis@wglawllp.com
        346-277-0287
        717 Texas St., Suite 1200
        Houston, TX 77002